**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **FAITH LOVELACE,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **No. 3:10-CV-1015-B (BK)** |
| | ) | |
| **COPPELL INDEPENDENT SCHOOL** | ) | |
| **DISTRICT, ET AL.,** | ) | |
| **Defendants.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to the *Order of Referral* dated July 27, 2010, *Defendant Coppell ISD's Motion to Dimiss* [sic] *Plaintiff's Section 1981 Claims* (Doc. 7), and *Motion to Dismiss on Behalf of Defendants Jeff Turner, Melody Paschall, Tracey Wallace, Montie Parker, Jr., and Tabitha Branum* (Doc. 5), both filed June 14, 2010, have been referred for recommendation. The court has considered the motions, as well as the responsive pleadings and, based on the applicable law, recommends that the motions be **GRANTED**.

## I. BACKGROUND

On May 20, 2010, Plaintiff filed a *pro se* lawsuit against Defendants Coppell Independent School District ("CISD"), and Turner, Paschall, Wallace, Parker, and Branum ("Individual Defendants"), for race discrimination and retaliation under 42 U.S.C. § 1981. (Doc. 1, ¶ 1). Plaintiff alleges that after starting employment with CISD in August 2008, she experienced discrimination because of race and disability. (Doc. 1, ¶ 13). She claims that in retaliation to her charges of racial discrimination, including the filing of a complaint in January 2009, she received a negative performance evaluation from Defendant Parker on February 27, 2009. (Doc. 1, ¶¶ 17-18). She further alleges that Defendant Parker told her that the reason for the sub-par evaluation was her complaints to human resources. Doc. 1, ¶ 19). Although Plaintiff

does not specify the date of the conversation with Parker, she avers that she had to be taken from the school by ambulance in February 2009 after suffering an anxiety attack as a result of the Individual Defendants' retaliation. (Doc. 1, ¶ 20). She also contends that, following this incident, her contract was not renewed and her employment was terminated. (Doc. 1, ¶ 13).

On June 14, 2010, Defendants moved to dismiss this action. (Docs. 5, 7). Subsequently, on August 20, 2010, in response to Defendants' motions to dismiss, Plaintiff alleges that she initially complained of racial discrimination to her supervisory chain of command on December 9, 2008. (Doc. 11 at 2). Also in her response to the motions to dismiss, she also recites a litany of the procedural steps she took related to her claims following her termination on March 31, 2009. (Resp at 2). However, she does not respond to Defendants' assertions that her claims against them are improper under section 1981. Defendants filed replies on August 26, 2010, in which they basically reiterate that, because they are a government entity and government officials, their alleged misconduct is not within the reach of section 1981. (Docs. 13-14).

## II. MOTION TO DISMISS

Although Defendants failed to specify under which of the Federal Rules of Civil Procedure they seek dismissal, the Court construes both motions as motions for dismissal under FED. R. CIV. P. 12(b)(6), on grounds that Plaintiff has failed to state a claim upon which relief can be granted.

### A. <u>Legal Standard</u>

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*,

75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted).

3

## B. __Section 1981__

Defendants contend that Plaintiff's claim against them should be dismissed because section 1981 does not allow a cause of action for race discrimination against local government entities or government officials.  (Doc. 5, 7).  Plaintiff's responses fail to directly address the allegations of the motions.

Section 1981 provides a cause of action to remedy racial discrimination by  private employers  in private employment contracts.  *Oden v. Oktibbeha County, Miss*., 246 F.3d 458, 462 (5th Cir. 2001) (internal citation omitted).  However,  a cause of action for a section 1981 civil rights violation against local government actors must be brought under section 1983, not section 1981.  *See Jett v. Dallas Independent School District*, 491 U.S. 701, 731 (1989) (a section 1981 claim against a local government employee must be asserted through section 1983);  *Foley v. University of Houston System*, 355 F.3d 333, 340 (5th Cir. 2003) (same).  Moreover, the courts have not imposed personal liability on government officials for discrimination under section 1981.  *See Oden*, 246 F.3d at 462, 464.

Plaintiff names Jeff Turner, Melody Paschall, Tracey Wallace, Montie Parker, Jr., and Tabitha Branum as defendants in their official capacities, and does not sue them individually.  (Doc. 1, ¶ I).  Moreover, she alleges only a section 1981 violation against them.  (Doc. 1, ¶¶ IV, VI).  Because none of the defendants is a private employer, Plaintiff wholly fails to assert a cause of action for civil rights violations under section 1981 against either.  For the same reason, Plaintiff's section 1981 claim against CISD, a governmental entity, is also not cognizable.[1]

---

[1] CISD has not moved to dismiss Plaintiff's Title VII claims.

### C.  <u>Opportunity to Amend</u>

Notwithstanding this failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001).  Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96-CV-2923-D, 3:97-CV-0353-D, 2004 WL 789870, at *2 (N.D. Tex. Apr.12, 2004); *Sims*, 2001 WL 627600, at *2, or when a *pro se* plaintiff seeks to amend his complaint in response to a recommended dismissal,  *see Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at *1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1.  Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint.  *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days).  Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, more than three months have passed since Defendants filed their motions to dismiss.  Plaintiff filed responses to the motions on August 20, 2010, which do not address her failure to state a claim for which relief can be granted.  Moreover, she has not moved for leave to amend her complaint.  Because Plaintiff has had a more limited opportunity to amend than the

plaintiff in *Rodriguez*, and she might be able to allege a better case against Defendants, it is recommended that she be accorded one last opportunity to amend her complaint to allege sufficient facts to state a claim.

### III. CONCLUSION

*Defendant Coppell Independent School District's Motion to Dismiss Plaintiff's Section 1981 Claims* (doc. 7), and the *Motion to Dismiss on Behalf of Defendants Jeff Turner, Melody Paschall, Tracey Wallace, Montie Parker, Jr., and Tabitha Branum* (doc. 5), filed June 14, 2010, should be **GRANTED**. Unless Plaintiff files an amended complaint that sufficiently states a claim against Defendants within the fourteen days allotted for objections to this recommendation, or a deadline otherwise set by the Court, all claims against Jeff Turner, Melody Paschall, Tracey Wallace, Montie Parker, Jr., and Tabitha Branum, and the section 1981 claims against Coppell Independent School District, should be **DISMISSED WITH PREJUDICE.**

**SO RECOMMENDED** this 20th day of September, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a cop. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE